IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WESTINGHOUSE LIGHTING CORPORATION, | ) ) ) |
| *Plaintiff*, | ) ) ) Civil Action No. |
| v. | ) ) |
| HUNTER FAN COMPANY, | ) Jury Trial Requested ) |
| *Defendant* | ) ) ) |

## CIVIL COMPLAINT

Plaintiff Westinghouse Lighting Corporation ("WLC"), by and through its counsel, hereby complains against The Hunter Fan Company, Inc. ("Hunter") as follows:

### The Parties

1. Plaintiff Westinghouse Lighting Corporation is a Pennsylvania corporation having its principal place of business at 12401 McNulty Road, Philadelphia, Pennsylvania.

2. Defendant Hunter Fan Co. is a corporation having its principal place of business in Memphis, Tennessee.

### Jurisdiction and Venue

3. This case arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq; in particular under § 2201 which creates a civil remedy in a case of actual controversy within the jurisdiction of any court of the United States. Direct allegations of infringement of both

trademark and patent by Hunter against Westinghouse, combined with a direct threat that Hunter intends to enforce its rights in this case, as recounted below, satisfy the "case or controversy" requirement for declaratory judgment jurisdiction. This action also arises under the patent laws of the United States, 35 U.S.C. § 271 and 282.

4. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c).

### General Statement of Facts

5. Hunter claims to be the owner of trademark rights in a particular "blade iron" (a metal support arm that connects a ceiling fan motor to the fan blades) appearance that Hunter terms its "PREFERENCE blade iron."

6. Hunter claims to be the owner of United States Design Patent D399,555 for the appearance of a motor housing for a ceiling fan.

7. On or about August 5, 2005, Hunter's intellectual property counsel sent a letter to the president of WLC, alleging that WLC infringes both the alleged PREFERENCE blade iron trademark and the Design Patent.

8. In the August 5 letter, Hunter's counsel stated that "Hunter vigorously enforces its intellectual property rights when infringed upon by others, and intends to do so in this case." Counsel concluded his letter with the direct threat that unless WLC ceased its alleged infringement, "Hunter will be forced to aggressively protect its intellectual property rights from continued infringement."

9. Hunter's direct threat of enforcement of its claimed trademark and patent rights has put WLC in reasonable apprehension of being sued for infringement. Hunter's statement of its intent to enforce its claimed trademark and patent rights demonstrates the existence of an

- 3 -

actual controversy between the parties within the meaning of "actual controversy" in the Declaratory Judgment Act.

10. WLC markets and sells a ceiling fan under the model name "BETHANY" that is the target of the accusations by Hunter.

## COUNT I

### Declaratory Judgment That The Alleged Hunter Trademark Is Not Infringed

11. WLC incorporates the allegations of paragraphs 1-10 above in full as if fully set forth herein.

12. Hunter has no protectable trademark or trade dress rights for its "PREFERENCE blade iron."

13. WLC is entitled to a declaratory judgment that the blade iron on the WLC "BETHANY" ceiling fan does not infringe any trademark or trade dress rights alleged to be owned by Hunter.

14. Hunter is not entitled to enforcement of its alleged trademark or trade dress rights against the WLC "BETHANY" ceiling fan or its components.

## COUNT II

### Declaratory Judgment That The Patent Is Not Infringed

15. WLC incorporates the allegations of paragraphs 1-10 above in full as if fully set forth herein.

16. The appearance of the BETHANY ceiling fan motor housing is not so similar to that of the design illustrated in the Design Patent that an ordinary observer would confuse the BETHANY ceiling fan motor housing with that shown in the Design Patent.

17. WLC is entitled to a declaratory judgment that WLC's BETHANY ceiling fan motor housing design does not infringe Hunter's Design Patent.

18. Hunter is not entitled to any remedy for infringement of its Design Patent by the WLC BETHANY ceiling fan.

19. Hunter is not suffering any harm from infringement of its Design Patent by the WLC BETHANY ceiling fan.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Westinghouse Lighting Corporation prays that this honorable court grant relief as follows:

A. That this court grant judgment for WLC and against Hunter declaring that the WLC BETHANY ceiling fan blade iron does not infringe any alleged trademark or trade dress rights claimed by Hunter;

B. That this court grant judgment for WLC and against Hunter declaring that the WLC BETHANY ceiling fan does not infringe the Hunter Design Patent D399,555;

C. That this court grant such other relief as it deems equitable and just.

JURY DEMAND

Plaintiff Westinghouse Lighting Corporation requests a jury trial on the issues of trademark (or trade dress) and patent infringement.

Respectfully submitted,

WESTINGHOUSE LIGHTING CORPORATION

/s/ Joseph R. DelMaster
Joseph R. DelMaster  (PA 70,761)
DRINKER BIDDLE & REATH LLP
1500 K Street NW  Suite 1100
Washington, D.C.  20005
202-842-8879

*Attorneys for Plaintiff*